UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 23-08228-JFW (DFM) | Date: | January 16, 2024 |
|---|---|---|---|
| Title | James Lee Thomas III v. Gigi Matterson | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Petitioner(s): | | Attorney(s) for Respondent(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On September 15, 2023, Petitioner James Lee Thomas, III, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons discussed below, Petitioner is ordered to show cause why this action should not be dismissed for failure to state a cognizable federal habeas claim.

I. BACKGROUND

In June 2021, Petitioner was convicted on one count of assault with a firearm, in violation of California Penal Code § 245(a)(2)). See Petition at 2, 24.[1] He was sentenced to an aggregate term of 10 years' imprisonment, consisting of (i) a term of 3 years, doubled to 6 years pursuant to Penal Code §§ 667(b)-(i) or 1170.12 (a)-(e) (prior crime enhancement); and (ii) an additional term of 4 years pursuant to Penal Code § 12022.5(A)(D) (firearm enhancement). See id. at 24; see also Superior Court of California, supra. Petitioner did not appeal his conviction. See Petition at 2.

---

[1] Petitioner states that he pleaded guilty to the offense. See id. at 2. However, according to publicly available state court records, Petitioner entered a plea of nolo contendere. See Superior Court of California, County of Los Angeles, Criminal Case Summary (search by case number "MA079707-01"), https://www.lacourt.org/criminalcasesummary/ui/Selection.aspx (last accessed January 4, 2024).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Later, Petitioner filed a petition with the trial court requesting that he be resentenced under Senate Bill 483; the trial court denied this petition on January 26, 2023, concluding that "none of Petitioner's sentence enhancements apply to Senate Bill 483" and finding no other legal basis on which to resentence Petitioner. See id. at 17-19. Petitioner then filed a petition for writ of habeas corpus with the California Court of Appeal on February 24, 2023 (case number B326666), again seeking resentencing on various state law grounds. See id. at 4, 20. The Court of Appeal issued an order on March 2, 2023, denying the petition "for failure to state facts or present evidence sufficient to establish a prima facie case for relief." Id. at 20 (citing People v. Duvall, 9 Cal. 4th 464, 474-75 (1995)).

Petitioner then filed a petition for writ of habeas corpus with the California Supreme Court (case number S280170). See id. at 4-5.[2] Petitioner appears to have argued in that case that he is entitled to resentencing under California Penal Code §§ 1170.1(d)(1) and 1172.75, Senate Bill 483, Senate Bill 620, and the California Court of Appeal's decision in People v. Monroe, 85 Cal. App. 5th 393 (2022). See id. at 6-11.[3] The California Supreme Court summarily denied the petition on August 16, 2023. See id. at 22.

**II.   DISCUSSION**

A federal court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). For example, issues concerning state sentencing enhancements are generally not cognizable on federal habeas review. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (concluding that whether assault with deadly weapon was serious felony under state enhancement statute was state law question not cognizable on federal habeas review).

In the instant action, Petitioner challenges the validity of one or more enhancements to his sentence based on his use of a firearm. See Petition at 10 ("Petitioner is simply requesting that the Gun enhancements be dismiss[ed] in the interest of justice."). He appears to seek habeas relief on largely the same grounds asserted in his habeas filing with the California Supreme Court. See id.

---

[2] While Petitioner states that he filed this petition on March 23, 2023, see id. at 4, publicly available state court records suggest that the petition was not filed until May 24, 2023, see California Courts, Appellate Courts Case Information (search by case number "S280170"), https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (last accessed January 4, 2024).

[3] While this attachment to the Petition is titled "Motion to Motion for Resentencing . . . Motion to Be Heard," the signature date of this document matches the date that Petitioner claims he filed his habeas petition in the California Supreme Court. The Court therefore proceeds on the assumption that this attachment is Petitioner's habeas petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

at 5. In the section of the Petition asking Petitioner to state his asserted grounds for relief, Petitioner merely cites People v. Monroe and several provisions of state law and then refers to the attached copies of his state-court habeas filings. See id. He does not identify any violation of the Constitution or of federal law.

From a review of the petition submitted to the California Supreme Court, each of Petitioner's asserted grounds for relief is based in state law. First, Petitioner argues that the trial court "had the discretion [under Senate Bill 620] to modify or strike Petitioner's Gun Enhancement" at sentencing and failed to do so. See id. at 9-10. Second, Petitioner appears to argue that he is entitled, based on the holding in People v. Monroe,[4] to appointment of counsel and a chance to present his arguments as to why he is entitled to resentencing. See id. at 10-11. Third, Petitioner appears to argue that if his case were "opened" again, the trial court could consider Senate Bill 483 and California Penal Code §§ 1170.1(d)(1) and 1172.75 and exercise its discretion to dismiss any other enhancements to Petitioner's sentence. See id. at 11.

Petitioner makes vague assertions about his constitutional rights at various points in the petition submitted to the California Supreme Court. See, e.g., id. at 8-9 ("Petitioner [underwent] a trial that violated his due process rights. This motion is not about guilt or [innocence;] it is about the method in which petitioner received his sentence."); 10-11 ("Petitioner contends that because he is entitled to an effective counsel to protect his due process rights, the court would be violating the [S]ixth and [F]ourteenth amendment . . . if the[y] deny [P]etitioner's petition without giving him a chance to be heard."). However, to the extent that Petitioner claims that the trial court violated his due process rights, he may not simply "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Rather, to present a viable claim on federal habeas review based on an error of state law, a petitioner must show that the alleged state law error was "so arbitrary and capricious as to constitute an independent due process . . . violation." Richmond v. Lewis, 506 U.S. 40, 50 (1992) (citation omitted); see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." (citation omitted)).

Here, the Petition does not allege facts to show that the trial court's alleged state law error was so arbitrary and capricious as to constitute an independent due process violation. The Court

---

[4] In Monroe, the defendant was sentenced to a term of 31 years' imprisonment, comprised of several enhancements, including three firearm enhancements. See 85 Cal. App. 5th at 395. The defendant later sought relief after the passage of Senate Bills 483 and 620. See id. The trial court granted the defendant relief under Senate Bill 483 but held that the defendant was not eligible for relief under Senate Bill 620. See id. at 398. The Court of Appeal vacated the sentence, holding that the defendant was eligible under both laws (and also under another law granting the trial court discretion to strike five-year prior serious felony enhancements (Senate Bill 1393)). See id. at 402.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

has found nothing in the Petition or its attachments to demonstrate that the trial court's sentencing proceedings were fundamentally unfair. Because the Petition fails to allege anything more than error by the state court in the application of state sentencing laws, it necessarily fails to state a cognizable federal habeas claim.[5]

### III.  CONCLUSION

**Petitioner is therefore ORDERED TO SHOW CAUSE in writing no later than twenty-eight (28) days from the date of this Order why this action should not be dismissed for failure to state a cognizable habeas claim.**

The Court will construe Petitioner's filing of a First Amended Complaint as sufficient to discharge this Order. The Clerk of Court has attached a form Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254). The First Amended Petition must make clear Petitioner's asserted ground(s) for federal habeas relief.

**Petitioner is warned that his failure to timely respond to this Order will result in the Court recommending that this action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b).**

---

[5] Moreover, even assuming Petitioner seeks to assert a due process claim or any other claim for violation of his federal rights, he must demonstrate that he has exhausted state court remedies with respect to that claim. Under 28 U.S.C. § 2254(b), habeas relief shall not be granted unless a petitioner has exhausted the remedies available in state court. As a matter of comity, a federal court generally will not grant habeas relief to a state prisoner unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982).

To satisfy the exhaustion requirement, the petitioner must "present his claim to the state supreme court even if that court's review is discretionary." Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (concluding that under California appellate review procedure, petitioner was required to exhaust his habeas claims in a petition for review to the California Supreme Court). Exhaustion requires that the petitioner "'fairly present' the substance of his claim to the state court." Id. (citation omitted). A claim has not been fairly presented unless the petitioner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

Here, based on the attachments to the Petition, the Court has concerns as to whether Petitioner has fairly presented a due process claim or any other ground for relief based in federal law in his proceedings before the California Supreme Court.