JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JAMES LEE THOMAS III, <br><br> Petitioner, <br><br> v. <br><br> GIGI MATTERSON, <br><br> Respondent. | Case No. CV 23-08228-JFW (DFM) <br><br> ORDER SUMMARILY DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY |

## I. INTRODUCTION

Petitioner James Lee Thomas III is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner challenges his 2021 conviction and sentence for assault with a firearm. See id. at 2.

For the reasons set forth below, the Petition is summarily dismissed without prejudice because it fails to assert any claim cognizable in federal habeas corpus.

## II. BACKGROUND

In May 2021, Petitioner pled nolo contendere to one count of assault with a firearm (Cal. Penal Code § 245(a)(2)) in the Superior Court for the County of Los Angeles, Case No. MA079707. See Superior Court of California, County of Los Angeles, Criminal Case Summary (search by case

number "MA079707-01"), https://www.lacourt.org/criminalcasesummary/ui/Selection.aspx (last accessed April 2, 2024). The trial court sentenced Petitioner to an aggregate term of 10 years' imprisonment, consisting of (i) a term of 3 years, doubled to 6 years under Penal Code §§ 667(b)-(i) or 1170.12 (a)-(e) (prior crime enhancement); and (ii) an additional term of 4 years under Penal Code § 12022.5(A)(D) (firearm enhancement). See id.; see also Petition at 24. Petitioner did not appeal his conviction. See Petition at 2.

Later, Petitioner filed a petition with the trial court requesting that he be resentenced under Senate Bill 483; the trial court denied this petition on January 26, 2023, concluding that "none of Petitioner's sentence enhancements apply to Senate Bill 483" and finding no other legal basis on which to resentence Petitioner. See id. at 17-19. Petitioner then filed a petition for writ of habeas corpus with the California Court of Appeal on February 24, 2023 (case number B326666), again seeking resentencing on various state law grounds. See id. at 4, 20. The Court of Appeal issued an order on March 2, 2023, denying the petition "for failure to state facts or present evidence sufficient to establish a prima facie case for relief." Id. at 20 (citing People v. Duvall, 9 Cal. 4th 464, 474-75 (1995)).

Petitioner filed a petition for writ of habeas corpus with the California Supreme Court (case number S280170). See id. at 4-5;[1] see also California Courts, Appellate Courts Case Information (search by case number "S280170"), https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (last

---

[1] While the document attached to the Petition is titled "Motion to Motion for Resentencing . . . Motion to Be Heard," the signature date of this document matches the date that Petitioner claims he filed his habeas petition in the California Supreme Court. The Court therefore proceeds on the assumption that this attachment is Petitioner's California Supreme Court habeas petition.

accessed April 2, 2024). In it, Petitioner asserted the following arguments: (1) the trial court "had the discretion [under Senate Bill 620] to modify or strike Petitioner's Gun Enhancement" at sentencing and failed to do so; (2) Petitioner is entitled, based on the holding in People v. Monroe, 85 Cal. App. 5th 393 (2022), to appointment of counsel and a chance to present his arguments as to why he is entitled to resentencing; and (3) if Petitioner's case were "opened" again, the trial court could consider Senate Bill 483 and Cal. Penal Code §§ 1170.1(d)(1) and 1172.75 and exercise its discretion to dismiss any other enhancements to Petitioner's sentence. See Petition at 6-11. The California Supreme Court summarily denied the petition on August 16, 2023. See id. at 22.

On September 15, 2023, Petitioner filed the instant action. The Petition incorporates the California Supreme Court habeas corpus petition by reference and appears to assert the same grounds for relief. See id. at 5.

### III. DISCUSSION

The Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. See id.; see also Local Rule 72-3.2; Mayle v. Felix, 545 U.S. 644, 656 (2005).

A federal court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). For example, issues concerning state

sentencing enhancements are generally not cognizable on federal habeas review. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (concluding that whether assault with deadly weapon was serious felony under state enhancement statute was state law question not cognizable on federal habeas review). To present a viable claim on federal habeas review based on an error of state law, a petitioner must show that the alleged state law error was "so arbitrary and capricious as to constitute an independent due process . . . violation." Richmond v. Lewis, 506 U.S. 40, 50 (1992) (citation omitted); see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." (citation omitted)).

     Here, Petitioner claims that he is entitled to resentencing under Senate Bill 483, Senate Bill 620, and Cal. Penal Code §§ 1170.1(d)(1) & 1172.75. See Petition at 6-11. The Court ordered Petitioner to show cause why the Petition should not be dismissed because it appeared that each of his claims for relief is based in state law and thus not cognizable on federal habeas review. See Dkt. 8 at 2-3. The Court explained that although Petitioner made vague assertions in the Petition about violations of his constitutional rights,[2] he did not allege facts to show that any alleged state law error was so arbitrary and capricious as to amount to an independent due process violation. See id. at 3-4; see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (explaining that

---

     [2] See, e.g., Petition at 8-9 ("Petitioner [underwent] a trial that violated his due process rights. This motion is not about guilt or [innocence;] it is about the method in which petitioner received his sentence."), 10-11 ("Petitioner contends that because he is entitled to an effective counsel to protect his due process rights, the court would be violating the [S]ixth and [F]ourteenth amendment . . . if the[y] deny [P]etitioner's petition without giving him a chance to be heard.").

petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process").

Petitioner has responded to the Court's order by filing "objections." See Dkt. 9. In his objections, Petitioner first argues that the Court is obligated to order the California Office of the Attorney General to respond to the Petition on the merits. See id. at 3 ("This federal magistrate judge . . . try [sic] to shield the deputy attorney general office from not answer [sic] on the merits of each claim . . . ."). Petitioner cites In re Olson, in which the California Court of Appeal held that the state superior court's orders granting affirmative relief in habeas corpus proceedings were without effect due to the superior court's failure to comply with state procedural requirements set forth in Cal. Penal Code § 1473 et seq. See 149 Cal. App. 4th 790, 801-02 (2007). Petitioner's reliance on that case is misplaced, however, because his federal habeas proceedings are not governed by state procedural law but by the Rules Governing Section 2254 Cases in the United States District Courts. As explained above, Rule 4 requires a district court to summarily dismiss a habeas petition if it is clear from the face of the petition that the petitioner is not entitled to federal habeas relief.

Next, Petitioner argues that his claim for relief under Senate Bill 483 should result in the same outcome as another Los Angeles Superior Court case, People v. Clarke, No. TA056009. See Dkt. 9 at 3-4 (arguing that "the issue was properly framed and decided in other [sic] case such as (People v. Sean G. Clarke)"). He attaches docket records from that case showing that the court held a resentencing hearing and granted the defendant relief under Senate Bill 483 by striking "any one year prison prior which defendant was sentenced to per penal code Section 667.5(b)." Id. at 6. This argument is not a meaningful response to the Court's order to show cause; Petitioner merely rehashes one of his state-law claims. Petitioner's eligibility for relief under

Senate Bill 483, or any other California law, is purely a question of state law interpretation and application and does not suffice to state a federal habeas claim. See Vasquez, 868 F.2d at 1118-19; see also Clark v. Shirley, 2021 WL 6752164, at *4 (C.D. Cal. Nov. 15, 2021) (finding claim seeking sentence reduction pursuant to Senate Bill 483 was "not cognizable on federal habeas review").

Finally, Petitioner appears to argue that by failing to take steps to reduce Petitioner's sentence, state prison officials have, in effect, "use[d] all [his] prior[s] that should be remove [sic] under Senate Bill #483 to stiffen the prison sentence." Dkt. 9 at 4. Petitioner likens this to an Ex Post Facto Clause violation. See id. at 4-5 (citing Lindsey v. Washington, 301 U.S. 397 (1937); Miller v. Florida, 482 U.S. 423 (1987); and Weaver v. Graham, 450 U.S. 24, 28 (1981)). This argument is unconvincing. The Ex Post Facto Clause, U.S. Const. art. 1, § 10, "forbids the Congress and the States to enact any law 'which imposes a punishment for an act that was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" Weaver, 450 U.S. at 28 (citation omitted). Here, by contrast, Petitioner argues that subsequently enacted state law could result in a reduction in his sentence. That Petitioner has not received the relief he seeks under subsequently enacted state law does not amount to an Ex Post Facto Clause violation.

In sum, neither the Petition, nor Petitioner's objections, allege anything beyond a misapplication of state sentencing laws. Regardless of whether Petitioner is eligible under state law for a reduction of his sentence, his alleged denial of such relief, whether at the time or sentencing or after changes to state law, does not suffice to show fundamental unfairness.[3] Because Petitioner fails

---

[3] On the contrary, Petitioner's nolo contendere plea suggests that he already "realized the benefit of his bargain by receiving a sentence that was reduced in exchange for his plea," and, consequently, may not later "claim a

to show fundamental unfairness, his state law claims do not justify federal habeas relief. See Rhode, 41 F.3d at 469.

## IV. CONCLUSION

Petitioner's claims are not cognizable in habeas corpus. This case is summarily dismissed without prejudice for lack of jurisdiction.

A certificate of appealability will not issue because there has not been a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Date: April 5, 2024

JOHN F. WALTER
United States District Judge

Presented by:

DOUGLAS F. MCCORMICK
United States Magistrate Judge

---

right to challenge the sentence that he accepted as part of that bargain." Clark, 2021 WL 6752164, at *4 (quoting Cole v. McDonald, No. CV 10-9742, 2012 WL 3029777, at *14 (C.D. Cal. June 12, 2012), report and recommendation adopted, 2012 WL 3030224 (C.D. Cal. July 23, 2012)).